## CIRCUIT COURT OF LOUDOUN COUNTY

Town of Leesburg

v.

Robert S. Etchells

### Case No. (Criminal) 9658

Town of Leesburg

v.

Charles Clifton Marshall

### Case No. (Criminal) 9657

### June 22, 1995

BY JUDGE JAMES H. CHAMBLIN

After consideration of the argument of counsel on June 14, 1995, and the memoranda filed by counsel, the defendant's motions to dismiss are denied.

The defendants were each charged with driving under the influence in violation of § 10-97 of the Leesburg Town Code. Because both offenses occurred after January 1, 1995, both defendants had their operator's licenses suspended administratively. The Town argues that the administrative suspension was under the authority of Virginia Code § 46.2-391.2 (which became effective January 1, 1995) as incorporated into the Town Code with the state DUI statutes on July 1, 1994.

The defendants argue that the Town failed to incorporate § 46.2-391.2 into the Town Code, and, as a result, the Town ordinances relating to the DUI offenses are invalid. Their invalidity argument is based upon § 15.1-132 which prohibits a local ordinance from providing a lesser punishment than that prescribed by state law. They argue that the failure to incorporate § 46.2-391.2 results in a Town punishment of a one-year suspension of

license while the state law prescribes a suspension totalling one year and seven days.

The two ordinances adopted by the Leesburg Town Council on July 1, 1994, do not incorporate into the Town Code the provisions of § 46.2-391.2. Ordinances No. 94-0-23 (concerning certain provisions of Title 46.2) and No. 94-0-24 (concerning driving under the influences sections of Title 18.2) do not include any reference to § 46.2-391.2.

The Town Code does incorporate by reference § 18.2-271(A) which states: "This suspension period shall be in addition to the suspension period provided under § 46.2-391.2." I do not agree with Ms. Troxell's argument that this reference to § 46.2-391.2 in a statute adopted by the Town shows an intent to adopt this section into the Town Code.

I am of the opinion that the Town has failed to incorporate § 46.2-391.2 into the Town Code.

The failure to do so does not, however, in my opinion, render the DUI ordinances invalid. I do not agree with the defendants' "lesser punishment" argument because I ruled previously in these cases on the defendants' double jeopardy motions that the administrative suspension is not a punishment (it is remedial, not retributive). Counsel has cited no authority on which I can base a decision to declare the Town DUI ordinances invalid or dismiss the charges merely because the defendants' licenses were administratively suspended under a state law which had not been incorporated into the Town Code. They are still charged with offenses under a section of the State Code properly incorporated into the Town Code.

I express no further opinion on the rights of the defendants for the administrative suspension of their operator's licenses.

The Clerk will prepare an order denying this Motion to Dismiss. All exceptions of the defendants are noted.